UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>    Plaintiff,<br><br>    v.<br><br>SERGIO CARRILLO,<br>    Defendant. | )<br>)<br>)<br>)<br>) Civil Action No. 1:14cv1477<br>)<br>)<br>)<br>) |

### REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiff's Motion for Default Judgment. (Dkt. 19.) After a representative for the defendant failed to respond to plaintiff's Motion or to appear at the hearing on May 29, 2015, the undersigned took plaintiff's Motion under advisement.[1]

### I.   INTRODUCTION

On November 3, 2014, plaintiff filed its initial complaint against a John Doe defendant associated with a certain known IP address. (Dkt. 1.) In response to a third party subpoena, defendant's Internet Service Provider (ISP) disclosed that Sergio Carrillo was the person associated with the offending IP address. Plaintiff filed its Amended Complaint substituting Carrillo as the defendant on February 28, 2015. (Dkt. 10.) In

---

[1] The record before the Court includes the Complaint (Dkt. 1), the Order Granting the Motion for Leave to Serve a Third Party Subpoena prior to a Rule 26(f) conference (Dkt. 8), the Amended Complaint ("Am. Compl.")(Dkt. 10), the Motion for Default Judgment (Dkt. 19), the Memorandum in Support of the Motion for Default Judgment ("Mem. Supp. Mot. Default J.")(Dkt. 19-1), and the Declaration of William Tabot ("Tabot Decl.")(Dkt. 19-5).

1

its Amended Complaint, Malibu Media alleges defendant Carrillo infringed its copyrights when defendant downloaded, copied, and distributed without authorization all or portions of thirty nine copyrighted movies using BitTorrent, a peer-to-peer file sharing protocol. (Am. Compl. ¶¶ 2, 19-23, 29-31.) The complaint alleges violations of 17 U.S.C. §§ 106(1), 106(3)-(5), and 501. (Id. at ¶¶ 1, 31.) After defendant failed to make an appearance or otherwise respond in this matter, plaintiff moved for default judgment and now requests that the Court award plaintiff statutory damages, injunctive relief, and attorneys' fees and costs.

## A. Jurisdiction and Venue

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." The court must have both subject matter and personal jurisdiction over a defaulting party before it can render default judgment.

Pursuant to 28 U.S.C. § 1331, this Court has jurisdiction over the subject matter of this dispute, which arises under the United States Copyright Act of 1976, as amended, 17 U.S.C. §§ 101 et seq., as well as 28 U.S.C. § 1338. (Am. Compl. ¶ 4; Mem. Supp. Mot. Default J. 3.)

This Court has personal jurisdiction over the defendant

2

because defendant Sergio Carrillo resides within this district. (Am. Compl. ¶ 9.)

Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the claims occurred in this district. (Am. Compl. ¶ 7.)

### B. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. Subdivision (e)(1) provides that service of an individual may be achieved by any method permitted by the law of the state where service is made. Id. at 4(e)(1). One of the acceptable methods of service is by "leaving a copy of the [summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." Id. at 4(e)(2)(B). Plaintiff's process server left the summons and complaint with defendant's wife who is 30 years of age and resides at the same address as defendant. (Dkt. 15.) Under this Court's order, plaintiff was required to serve defendant by April 2, 2015. (Dkt. 13.) Service was effectuated on March 15, 2015. (Dkt. 15.) Therefore, service of process was proper.

### C. Grounds for Default Judgment

Plaintiff initially filed this action on November 3, 2014. (Dkt. 1.) Plaintiff was granted leave from this Court to file a

3

third party subpoena on the internet service provider (ISP) in order to determine who the IP address was associated with. (Dkt. 8.) After receiving information from the ISP, plaintiff substituted defendant Carrillo for John Doe in this action by filing an Amended Complaint. (Dkt. 10.)

On May 1, 2015, the Clerk of this Court entered default as to defendant Sergio Carrillo pursuant to plaintiff's Request for Entry of Default and Federal Rule of Civil Procedure 55. (Dkt. 18.) In accordance with an Order by Judge Ellis (Dkt. 16), plaintiff filed its Motion for Default Judgment (Dkt. 19) and a supporting Memorandum (Dkt. 19-1) on March 15, 2015.

After defendant failed to appear at the May 29, 2015 hearing, the undersigned took this matter under advisement. (Dkt. 23.) To date, defendant has not appeared or otherwise participated in these proceedings.

## II. FINDINGS OF FACT

Upon a full review of the pleadings, the undersigned Magistrate Judge finds that plaintiff established the following facts.

Plaintiff Malibu Media (d/b/a "X-art.com"), is a limited liability company organized under the laws of California, with a principal place of business in Los Angeles, California. (Am. Compl. ¶ 8.) Defendant Sergio Carrillo is an individual residing in Fairfax, Virginia. (Id. at ¶ 9.) Plaintiff is the

4

owner of the nineteen copyrights-in-suit (detailed at Exhibit B of plaintiff's Amended Complaint (Dkt. 10-2) and attached to this Report and Recommendation as Exhibit A.)

BitTorrent file distribution network ("BitTorrent") is a peer-to-peer file sharing system used for distributing large amounts of data, including digital movie files. (Am. Compl. ¶ 10.) BitTorrent allows individual users to distribute large files with each other, broken down into small "bits", without using intermediary host websites. (Id. at ¶¶ 11-12.) Plaintiff's investigator, IPP International UG, established a direct TCP/IP connection with defendant's IP address and downloaded one or more bits of digital videos from defendant. (Id. at ¶ 18, Ex. A.) IPP International UG downloaded a full copy of each of the copyrights-in-suit from defendant. (Id. at ¶¶ 21-22.) IPP International UG's investigation established that defendant downloaded, copied, and distributed complete copies of digital movies identified in Exhibit A of the Amended Complaint. (Id. at ¶¶ 19-22.) Plaintiff's evidence of multiple downloads from defendant over an eight month period indicate defendant is a persistent BitTorrent user. (Id. at ¶¶ 22-24, Ex. A.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering

5

default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Fed. R. Civ. P. 12(b)(6).

Plaintiff alleges that defendant directly infringed on plaintiff's copyrighted works in violation of 17 U.S.C. §§ 106(1), 106(3)-(5), and 501. To establish a case of direct copyright infringement, plaintiffs must (1) show ownership of the allegedly infringed material; and (2) that the alleged infringers violate at least one exclusive right granted to the copyright holders. 17 U.S.C. §§ 106, 501(a); see also Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1990).

Here, Malibu has pled that it owns the copyrighted materials specified in Exhibit B to its Amended Complaint (Dkt. 10-2). (Am. Compl. ¶¶ 3, 28.) Plaintiff has also pled that defendant copied and distributed elements of the copyrights-in-suit through BitTorrent without defendant's authorization, permission, or consent. (Id. at ¶¶ 29-31.) Furthermore, plaintiff has established that such a violation was willful, given the nature of the BitTorrent network. (Id. at ¶ 32; Mem. Supp. Mot. Default J. 6.) Therefore, plaintiff has successfully

established all of the elements necessary for a direct copyright infringement claim.

## IV. REQUESTED RELIEF

### A. Statutory Damages

Plaintiff requests statutory damages under 17 U.S.C. § 504. For unintentional infringement, 17 U.S.C. § 504(c) provides that the copyright owner may recover "an award of statutory damages for all infringements involved in the action" and "with respect to any one work… a sum of not less than $750 or more than $30,000 as the court considers just." Pursuant to 17 U.S.C. 504(c)(2), upon a finding of willful infringement, the Court may "increase the award of statutory damages to a sum of not more than $150,000."

Plaintiff seeks $2,250.00 per work in statutory damages (amounting to a total of $42,750.00 for the 19 infringed copyrights-in-suit.) (Mem. Supp. Mot. Default J. 10.) Courts in similar cases have held that $2,250 per week is appropriate. See Malibu Media, LLC v. Goodrich, 2013 WL 6670236, at *11 (D. Colo. Dec. 18, 2013); Malibu Media, LLC v. John Does 1, 6, 13, 14 950 F. Supp. 2d 779, 788 (E.D. Pa. 2013). This amount is reasonable in light of the ongoing damages suffered by plaintiff which likely far exceed this number.

### B. Injunctive Relief

Plaintiff also seeks a permanent injunction which would

7

permanently enjoin Defendant and all other persons who are in active concert or participation with Defendant from continuing to infringe Plaintiff's copyrights-in-suit, order that defendant delete and permanently remove the digital media files relating to plaintiff's works from each of the computers under defendant's possession, custody or control, and order that defendant delete and permanently remove the infringing copies of the works defendant has on the computers under defendant's possession, custody, or control. (Mem. Supp. Mot. Default J. 11.) The Copyright Act authorizes Courts to grant injunctions in order to prevent or restrain infringement of a copyright and order the destruction of copies of copyrighted materials. 17 U.S.C. §§ 502(a), 503(b).

To obtain a permanent injunction in the Fourth Circuit, a plaintiff must show (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. Christopher Phelps & Assocs., LLC v. Galloway, 492 F.3d 532, 543 (4th Cir. 2007).

Here, plaintiff has plainly demonstrated each of these factors and an injunction is appropriate.

First, plaintiff has suffered an irreparable injury. Defendant and others have copied and distributed plaintiff's copyrighted works, causing plaintiff to lose a substantial amount of revenue it could have made by selling those works. Now that those works have been widely distributed, it is unlikely that plaintiff will ever gain exclusive control over them again. See e.g. Phelps, 492 F.3d at 543-44 ("Irreparable injury often derives from the nature of copyright violations, which deprive the copyright holder of intangible exclusive rights."); EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 510 (E.D. Va. 2009).

Second, plaintiff has demonstrated that remedies at law are insufficient to compensate plaintiff for its damage. Monetary damages are insufficient as plaintiff has shown that absent an injunction, defendant will continue to cause plaintiff irreparable injury. See e.g. EMI, 618 F. Supp. 2d at 511. Specifically, defendant can continue to distribute files from their computer unless said files are deleted permanently from defendant's computer. Additionally, defendant has not participated in the instant litigation. The lack of response to this litigation shows a threat of continued infringement.

Third, the only hardship suffered by defendant if an injunction is entered is an obligation to follow trademark law.

Finally, the public interest favors an injunction. Such an

injunction would prevent copyright infringement which furthers the public interest by preserving the integrity of copyright laws. Apple Computer, Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254-55 (3d Cir. 1983)("Since Congress has elected to grant certain exclusive rights to the owner of a copyright in a protected work, it is virtually axiomatic that the public interest can only be served by upholding copyright protections")(internal citations omitted). Therefore, the undersigned finds that an injunction is the best means to prevent the defendant from future infringement.

### C. Attorneys' Fees and Costs

Section 505 of the Copyright Act authorizes recovery of full costs and an award of reasonable attorney's fees to the prevailing party in a Copyright Action. 17 U.S.C. § 505. Plaintiff requests attorneys' fees and costs in the amount of $1,657.00 based on $1,182.00 in attorneys' fees (comprised of 1.9 hours of labor by counsel at the rate of $300 per hour, and 7.2 hours by paralegals at the rate of $85 per hour) and $475 in costs. (Tabot Decl. ¶¶ 8-9.) In support of this request, plaintiff submitted the Declaration of William Tabot which contains a summary chart of the legal services performed. (Dkt. 19-5.)

The undersigned finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce

10

plaintiffs' rights. If further action is required to enforce and collect this judgment, plaintiffs may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## V. RECOMMENDATION

For the reasons stated above, the undersigned recommends that plaintiff should recover from defendant $42,750 in statutory damages for the infringement of the 19 copyrights-in-suit. Because legal relief is inadequate, the undersigned also recommends that the Court enter a permanent injunction 1) permanently enjoining this defendant from continuing to infringe plaintiff's copyrighted works; 2) ordering that defendant delete and permanently remove the digital media files relating to plaintiff's works from the computers in defendant's possession; and 3) delete all existing copies of the copyrights-in-suit from defendant's computer.

Finally, the undersigned recommends that plaintiff should recover from defendant $1,657.00 in attorneys' fees and costs.

## VI. NOTICE

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service. Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendant at:

    Sergio Carrillo
    8702 Duvall Street
    Fairfax, VA 22031

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

June 12, 2015
Alexandria, Virginia

**EXHIBIT A - Copyrights-in-suit for Case No. 14cv1477**

| Title | Registration Number | Date of First Publication | Registration | Most Recent Hit |
|---|---|---|---|---|
| A Hot Number | PA0001878456 | 01/30/2014 | 02/18/2014 | 02/12/2014 |
| And Then There Was You | PA0001874615 | 12/31/2013 | 01/05/2014 | 02/11/2014 |
| Apertif Our Style | PA0001874522 | 12/23/2013 | 12/30/2013 | 02/09/2014 |
| Arrest Me | PA0001871941 | 11/25/2013 | 11/29/2013 | 02/12/2014 |
| Creamy | PA0001874617 | 01/02/2014 | 01/05/2014 | 02/12/2014 |
| Get Wild at Home | PA0001877470 | 01/22/2014 | 01/31/2014 | 02/10/2014 |
| Getting Ready For You | PA0001874744 | 01/10/2014 | 01/15/2014 | 02/08/2014 |
| In for the Night | PA0001874670 | 01/06/2014 | 01/06/2014 | 02/11/2014 |
| Love at First Sight | PA0001872756 | 12/14/2013 | 12/15/2013 | 02/11/2014 |
| Mile High Club | PA0001877249 | 01/16/2014 | 01/26/2014 | 02/09/2014 |
| Model Couple on Vacation | PA0001874613 | 12/17/2013 | 12/26/2013 | 02/10/2014 |
| No Turning Back Part #1 | PA0001874524 | 12/21/2013 | 12/30/2013 | 02/06/2014 |
| No Turning Back Part #2 | PA0001874525 | 12/27/2013 | 12/30/2013 | 02/11/2014 |
| Remembering Strawberry Wine | PA0001885184 | 03/11/2014 | 03/24/2014 | 07/16/2014 |
| Season of Love | PA0001877252 | 01/18/2014 | 01/26/2014 | 02/12/2014 |
| Sexy En Noir | PA0001909783 | 08/22/2014 | 08/26/2014 | 10/08/2014 |
| So Right Its Wrong | PA0001872084 | 12/01/2013 | 12/04/2013 | 02/05/2014 |
| So Young | PA0001877472 | 01/25/2014 | 01/31/2014 | 02/08/2014 |
| Zeppelin on Fire | PA0001874614 | 01/04/2014 | 01/05/2014 | 02/11/2014 |

**Total Malibu Media, LLC Copyrights Infringed: 19**